SPRINGDALE *v.* FLEMING.

4-4091

Opinion delivered January 13, 1936.

*Duty & Duty,* for appellant.

HUMPHREYS, J. This is an appeal from a decree of the chancery court of Washington County rendered on the 11th day of March, 1935, enforcing by mandatory injunction a contract entered into between appellant and appellee on the 13th day of July, 1927, as amended by the parties on the 19th day of October, 1931.

The substance of the contract was that appellee should convey a tract of land near the city of Springdale to appellants, upon which there was a spring of four hundred gallons per minute capacity and to give an easement over an additional tract he owned to lay water mains or pipes, in consideration that appellant would pay him $150 cash and furnish him free water for domestic, yard sprinkling, and stock purposes at his home and at two other places on said lands. Pursuant to the contract, the deed was executed, money paid, and about one and one-half miles of water pipe laid on said lands and put in use, and appellee was furnished free water until the summer of 1933, at which time appellant denied appellee's right to free water and disconnected the water supply from his properties for the alleged reason that he

was abusing his free water privileges by using the water for commercial and irrigation purposes and also wasting the water by allowing his hydrants to remain open continuously. The original contract was in writing, signed by the mayor and other officials of the city as well as appellee. The amendment to the contract was adopted by resolution of the city council without an "aye" and "nay" vote.

Appellant contends for a reversal of the decree because the contract was not made in accordance with the provisions of § 7528 of Crawford & Moses' Digest, which is as follows:

"On the passage of every by-law or ordinance, resolution or order, to enter into a contract by any council of any municipal corporation, the yeas and nays shall be called and recorded, and to pass any by-law or ordinance, resolution, or order, a concurrence of majority of the whole number of members elected to the council, shall be required."

The argument is made that the contract is void because of the failure to execute it in accordance with said section of the statute, and that appellee cannot enforce its provisions. It is also argued that it is *ultra vires* and non-enforceable. The right of a city to acquire a water source and an easement over lands to lay its water mains and pipes is not *ultra vires*. In the instant case it is immaterial whether the water supply and easement was acquired in conformity with the statute quoted above. The city cannot retain the spring and easement and refuse to pay the continuing consideration therefor, which is the use of free water by appellee. It may be that the contract can be abrogated in a proper proceeding because not executed in accordance with law, but certainly the city cannot retain the benefits under the contract and deny appellee the benefits flowing to him thereunder.

We have carefully read the decree of the chancery court, and have concluded it correctly and definitely sets forth the rights of each party under the contract as long as it remains in force and effect.

The decree is affirmed.